United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NORMA OSORIO,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:25-cv-02036** |
| | § | |
| **CIMARRON ENERGY, INC,** | § | |
| | § | |
| ***Defendant*.** | § | |

## MEMORANDUM & ORDER

Before the Court is Defendant Cimarron Energy, Inc.'s Motion for Summary Judgment (ECF No. 28) and Plaintiff Norma Osorio's Motion for Partial Summary Judgment on Certain Affirmative Defenses Asserted by Defendant (ECF No. 29). After considering the Motions, all responses and replies, parties' oral arguments, and the applicable law, the Court concludes that both Motions should be **DENIED**.

The Court finds that there are too many disputes of material fact as to whether Plaintiff meets her prima facie burden under the *McDonnell Douglas* burden-shifting framework. *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)); *Patrick v. Ridge*, 394 F.3d 311, 315, 315 n.10 (5th Cir. 2004) (applying *McDonnell Douglas* in ADEA claim); *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015) (applying *McDonnell Douglas* in ADEA and TCHRA case). Therefore, neither party is entitled to judgment as a matter of law on their claims and it is appropriate to submit the case to a jury. *See Celotex Corp.*, 477 U.S. at 322.

Accordingly, Defendant's Motion for Summary Judgment (ECF No. 28) is **DENIED** and Plaintiff's Motion for Partial Summary Judgment (ECF No. 29) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 10th day of November, 2026.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE